REITLER KAILAS & ROSENBLATT LLC
Brian D. Caplan
Julie B. Wlodinguer
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
Facsimile: (212) 371-5500
Email: bcaplan@reitlerlaw.com
Email: jwlodinguer@reitlerlaw.com
*Attorneys for Plaintiff AWAL Digital Ltd. formerly known as AWAL UK Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AWAL DIGITAL LTD. formerly known as AWAL UK LTD.,

         Plaintiff,

  -against-

EMUSIC.COM INC.,

         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-3346

**COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiff AWAL Digital Ltd. formerly known as AWAL UK Ltd., by its attorneys, Reitler Kailas & Rosenblatt LLC, as and for its Complaint against the defendant herein, alleges as follows:

### THE PARTIES

  1. Plaintiff Awal UK Ltd. formerly known as AWAL Digital Limited ("Plaintiff") is a private company limited by shares organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England.

  2. Upon information and belief, defendant eMusic.com Inc. ("Defendant") is a Delaware corporation with its principal place of business located in New York, New York.

### JURISDICTION AND VENUE

  3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that

253968

there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue lies in this district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claims herein occurred in the Southern District of New York, and at the time of commencing this action, Defendant is subject to personal jurisdiction in the Southern District of New York.

5. Venue and personal jurisdiction are also proper in this District pursuant to paragraph 12.16 of the Agreement, as defined hereinbelow, wherein the parties agreed to the exclusive jurisdiction of New York courts over this action.

## FACTUAL BACKGROUND

6. Plaintiff is a distributor and licensor of digital music content.

7. Defendant operates an online music sharing website.

8. The parties entered into a written digital music wholesale agreement dated October 12, 2010 (the "Agreement") pursuant to which Plaintiff granted Defendant a non-exclusive license to use and commercially exploit Plaintiff's musical catalogue on Defendant's digital music platform in exchange for a percentage of Defendant's income with respect to Defendant's exploitation of said master recordings.

9. Pursuant to paragraph 9.1 of the Agreement, Defendant is obligated to account to Plaintiff within 45 days of each calendar quarter, accompanied by payments of any amounts due to Plaintiff in connection with Defendant's commercial exploitation of Plaintiff's catalogue.

10. Paragraph 9.1 of the Agreement provides, in relevant part, that:

> [Defendant] shall render to [Plaintiff] an accounting on a quarter annual basis, forty-five (45) days after Accounting Period end, accompanied by payment of any amounts due.

11.     Defendant has, since October 12, 2010 and through at least June 30, 2018, commercially exploited Plaintiff's catalogue on its digital music platform.

12.     For those quarterly accounting statements that were provided to Plaintiff from Defendant, those statements reflect that, as of June 30, 2018, Plaintiff was due approximately $125,200 in respect of income derived from the exploitation of Plaintiff's catalogue in the United States and in Canada, and approximately €41,000 in respect of income derived from the exploitation of Plaintiff's catalogue in Europe.

13.     However, since 2015 and in material breach of paragraph 9.1 of the Agreement, the accounting statements rendered by Defendant to Plaintiff were not accompanied by payments of the amounts due.

14.     Paragraph 12.8 of the Agreement provides, in relevant part, as follows:

> Neither party shall be deemed in breach of this agreement unless the other party has given the breaching party Notice, and the breaching party has failed to cure such breach within thirty (30) days after receipt of such Notice.

15.     By letter dated July 31, 2018, sent via email and registered mail, and in accordance with paragraphs 12.7 (the notice provision) and 12.8 of the Agreement, Plaintiff duly sent a notice to Defendant informing Defendant of its material breach of the Agreement and demanding that Defendant cure its breach and comply with its payment obligations under the Agreement by August 31, 2018.  A true and correct copy of the July 31, 2018 letter is annexed hereto as Exhibit A.

16.     The July 31, 2018 letter also advised Defendant that, in the event that Defendant failed to timely cure its breach, Plaintiff would remove all of its content from Defendant's platform, effectively giving notice of termination of the term of the Agreement to Defendant.

17. Defendant failed and refused to pay the amount due Plaintiff by August 31, 2018, and thus failed to cure its material breach of the Agreement.

18. Plaintiff thereafter removed its content from Defendant's platform, and the term of the Agreement ended on October 9, 2018.

19. Defendant failed to provide quarterly accounting statements to Plaintiff for the quarterly periods ending June 30, 2018 and September 30, 2018.

20. By letter dated October 30, 2019, sent via email and registered mail, Plaintiff again notified Defendant of its material breach of the Agreement, and demanded payment of $122,089.35 in respect of income derived from the exploitation of Plaintiff's catalogue in the United States and in Canada, and €40,997.91 in respect of income derived from the exploitation of Plaintiff's catalogue in Europe. A true and correct copy of the October 30, 2019 letter is annexed hereto as Exhibit B.

21. No payments from Defendant were forthcoming.

22. By letter dated January 7, 2020, and in accordance with paragraph 12.7 of the Agreement, counsel for Plaintiff sent a letter to Defendant via email and certified mail, return receipt requested at the address identified in the Agreement, outlining Defendant's material breaches of the Agreement, and formally tendering notice to Defendant of its breaches pursuant to paragraph 12.8 of the Agreement. A true and correct copy of the January 7, 2020 letter is annexed hereto as Exhibit C.

23. Upon mailing the January 7, 2020 letter, Plaintiff's counsel discovered that Defendant may have changed its physical address, though Defendant did not, by written notice or otherwise, notify Plaintiff of any such amendment to its address as it should have under paragraph 12.7 of the Agreement.

24. Notwithstanding, Plaintiff's counsel sent a virtually identical copy of the January 7, 2020 letter to Defendant at its new address via certified mail, return receipt requested, and via email, on January 23, 2020. A true and correct copy of the January 23, 2020 letter is annexed hereto as Exhibit D.

25. To date, Defendant has not responded to either the January 7, 2020 letter or the January 23, 2020 letter, nor has it rendered any additional accounting statements or remitted payment of the amount due to Plaintiff.

26. Defendant has thus failed to cure its breaches of the Agreement within thirty (30) days of its receipt of Plaintiff's letters.

27. Defendant has failed and refused to comply with its obligations under the Agreement and is in material breach of the Agreement.

## COUNT I

## BREACH OF CONTRACT

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 above as if fully set forth herein at length.

29. Plaintiff has satisfactorily performed all of its obligations to Defendant under and pursuant to the Agreement.

30. By reason of the foregoing, Defendant has materially breached the Agreement.

31. As a direct and proximate result of Defendant's breaches of the Agreement, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $200,000.

WHEREFORE, Plaintiff demands judgment as follows:

(a) On the First Claim, an award of damages to Plaintiff in an amount to be determined at trial, but not less than $200,000, plus prejudgment interest thereon;

(b) An award to Plaintiff of the costs and disbursements incurred in this action; and

(c) Such other and further relief as the Court deems just and proper.

Dated: April 29, 2020

        REITLER KAILAS & ROSENBLATT, LLC
        Attorneys for Plaintiff AWAL Digital Ltd. formerly known as AWAL UK Ltd.

        By: /s/ Brian D. Caplan
           Brian D. Caplan
           Julie B. Wlodinguer
        885 Third Avenue, 20th Floor
        New York, New York 10022
        Telephone: (212) 209-3050
        Facsimile: (212) 371-5500
        Email: bcaplan@reitlerlaw.com
             jwlodinguer@reitlerlaw.com